## THE STATE *vs.* CORSON.

In *scire facias* on a recognizance, and demurrer to the writ, the Court refused to notice any variances between the writ and recognizance, the condition of the latter not being set out in *hæc verba* either in the writ or pleadings.

In a complaint against one, before a justice of the peace, for a larceny, not triable by such magistrate, but brought before him to have the offender committed or recognized to take his trial at the proper tribunal, the offence should be stated on oath in *substance* and *clearly ;* but the same technical precision and accuracy is not required as in an indictment.

The justices of the *quorum* acting under the authority of the Act of 1821, *ch.* 68, have power only *to bail* a person charged with a *bailable offence,* and who has been committed for not finding sureties. — The particulars as to the *description* of the offence, and time and circumstances of its alleged commission, they have no authority to inquire into, much less to decide upon.

" This was a *scire facias* on a recognizance entered into by
" the defendant as one of the sureties of *Henry G. Badger*
" before two justices of the peace and the *quorum,* in virtue
" of the act of 1821, *ch.* 68 ; the said *Badger* then being in
" prison on a charge of larceny, for not finding sureties for his
" appearance at the Court of Common Pleas for the county of
" *Penobscot,* on the first *Tuesday* of *October,* 1831."

The mittimus on which *Badger* was committed, in reciting the previous proceedings, stated that he had been convicted on the *complaint* of *D. N.* without saying, " on oath ;" — nor was there any statement or recital therein, of the *time when,* or *place where,* the offence was committed. There were the same recitals and the same omissions in the recognizance. In the latter, also, in describing the offence for which *B.* had been committed, it was stated that he had been charged with having feloniously *taken,* and *carried away,* a one horse wagon, and a buffalo skin, &c. The *scire facias* pursued the recognizance, except that it alleged the complaint to have been, " *under* " *oath.*"

The defendant demurred specially, assigning substantially the following causes, *viz. :*

1. That, it did not appear by the recognizance, that the complaint was *on oath.*

The State *v.* Corson.

2. That, it did not appear by the recognizance, that any offence had been committed by *Badger*, that would authorize the magistrate to commit him to jail.

3. That, it did not appear from the recognizance, *when*, or *where*, the offence, (if any,) had been committed.

4. That, the charge of having " feloniously *taken* and *carried away* a one horse wagon, and one buffalo skin," was no sufficient or legal description of the crime of larceny, nor of any other crime authorizing the commitment of *Badger*.

5. That, the magistrate had no authority to issue his warrant on a complaint not made *under oath*.

6. That, the recognizance being founded on such warrant, was null and void.

7. That, the recognizance varied from the writ — in the latter it being alleged, that the complaint was on oath, when by the former, it appeared that the complaint was not on oath.

8. That, the recognizance varied from the form of the statute in such case made and provided, in having omitted to state that the complaint was *on oath*.

9. That, the defendant had recognized to appear at *Bangor*, &c. on the first *Tuesday* of *October* then next, but was not called on his recognizance, on said first *Tuesday* of *October*.

10. That, it did not appear by the recognizance that the justice gave any judgment whatever in the case.

11. That, it did not appear that the justice did adjudge *Badger* to be committed on failure of compliance with his requirements, but committed him without judgment, and *without* law.

The demurrer was joined, and judgment rendered by *Whitman C. J.* in the Court below, against the defendant, who thereupon brought the case to this Court by appeal.

*J. Appleton,* for the defendant.

The recognizance is void, it not appearing that the complaint was *on oath*. The recognizance should show a good cause of caption. *Bridge v. Ford,* 4 *Mass.* 642; *Commonwealth v. Lovering,* 11 *Mass.* 337 ; *Commonwealth v. Daggett,* 16 *Mass.* 447 ; *Commonwealth v. Downey,* 9 *Mass.* 520 ; *State v. Smith,* 2 *Greenl.* 63 ; *Ex parte Beaufort,* 3 *Cranch,* 448.

The recognizance is void also, for the want of a proper venue. *The People v. Miller, Johns. Rep.* 371.

The offence was not sufficiently described, the word *stole* was indispensable. *Chitty's Crim. Law,* 3, 711.

There was no sufficient adjudication. *State v. Smith,* 2 *Greenl.* 63. And the proceedings prior to the recognizance were all invalid. *Eng. Com. Law Rep.* 9, 493.

In answer to a suggestion of the Court, *Mr. Appleton* contended further, that, it was unnecessary to set out the condition of the recognizance in his demurrer. That he prayed oyer, which was granted by the Court, and that he thereupon demurred. If, therefore, it was necessary that the recognizance should be set out in *hæc verba,* and had not been, it was the fault of the clerk and not his.

*Rogers, Attorney General,* for the State.

The opinion of the Court was delivered by

MELLEN C. J. — This is a *scire facias* on a recognizance entered into by the defendant as one of the sureties of *Henry G. Badger,* before two justices of the peace and the quorum, in virtue of the act of 1821, *ch.* 68 : the said *Badger* then being *in prison,* on a charge of larceny, for not finding sureties for his appearance at the Court of Common Pleas for the county of *Penobscot,* on the first *Tuesday* of *October,* 1831. To this writ of *scire facias* the defendant has demurred specially, but the condition of the recognizance is not set forth, *in hæc verba,* either in the *scire facias,* or as a part of the demurrer and introductory thereto, for the purpose of presenting to the view of the Court any variances which are said to exist between the writ and the recognizance. But by no pleading, has the same become a part of the declaration, and therefore, we can only examine the declaration and decide upon its sufficiency. The first, second, third, fifth, sixth, seventh, eighth, and tenth causes of demurrer may all be laid out of the case, as having reference merely to some alleged defect in the *recognizance.* The ninth is perfectly immaterial. No reliance has been placed on the eleventh by the counsel for the defendant. The only two objections which have been urged against the sufficiency

of the declaration are, — 1. That it is not alleged that the wagon and buffalo skin were feloniously *stolen*, taken and carried away, but only that the same were feloniously *taken* and *carried away*. This is the *fourth* cause of demurrer. 2. The other objection is, it does not appear by any direct averment in the declaration, that the larceny was committed in the *county of Penobscot*; but this is not assigned as one of the causes of demurrer.

It may be admitted that either of the two last named objections would be good, in case of an *indictment*, which ought to charge the alleged offence with legal and technical precision, but it appears by the declaration, that the offence charged was not triable by a justice of the peace. The complaint and warrant, in virtue of which the said *Badger* was arrested, were employed merely as the means for arresting and securing the alleged offender, that he might be held to answer to an *indictment*, if the grand jury should find one against him. The justice to whom the warrant was returned, had no power to try the offender, or decide on the sufficiency or insufficiency of the charge *in point of form*, but only whether there was evidence sufficient to require or justify him in securing the person accused, by commitment or recognizance, to answer before the proper tribunal, to the charge that might be made against him, by way of indictment. The offence, in such cases, should be stated on oath *in substance*, and *clearly*, but of what use is technical exactness, in a case where the magistrate has no authority to decide the cause. We cannot sustain this objection.

As the *other* objection is not *specially* set down as a cause of demurrer, it cannot prevail, unless the omission of a venue in *this* case is a matter of *substance*. On *indictment* it would be, as we have said before; but when the declaration states, that the committing magistrate, " upon examination of the facts re- " lating to the charge against *Badger*, decided that there was " good cause to suspect him to be guilty of it, and thereupon or- " dered him to recognize to appear and answer to the charge, " before the Court of Common Pleas in *Penobscot* county," and committed him for not so recognizing, the statement amounts to a declaration that the larceny was committed in that county ;

and though by no means sufficient in an indictment, was sufficient for the purpose of examination and those proceedings *preliminary* to an indictment. We perceive no good reason for requiring, in such a case as the present, so much strictness, as to pronounce the *scire facias* bad and insufficient on that account. But even if we were not satisfied upon the points we have been considering, there is another ground on which we should think the *scire facias* sustainable ; namely, that the two justices of the *quorum*, acting under the authority of the act before mentioned, have no power to do any thing but *bail* a person charged with a *bailable offence*, and who has been committed for not finding sureties. The particulars, as to the *description* of the offence and time and circumstances of its alleged commission, they have no authority to inquire into, much less to decide upon. They do the appointed duty and exercise the delegated authority properly, if they restore the prisoner to liberty, on his application, upon his entering into recognizance to appear and answer to the charge. Suppose this Court should order a person indicted, to recognize for his appearance at the next term, and he should not appear according to his recognizance, and a *scire facias* should be brought against him ; could he avoid the obligation of that recognizance, by pleading in bar that *no venue* was laid in the indictment, nor a sufficient description given of the offence charged ? This would be a novelty indeed. The two justices of the *quorum*, under the act before mentioned, had as much power as the Court of Common Pleas, or one or more Justices of the Supreme Court, and we are bound to take notice of this. Shall the defendant in this case, after having gained his liberty by means of the recognizance, avoid it by reason of alleged defects in the writ and proceedings therein stated, respecting which the justices of the *quorum* had not the least jurisdiction ? We think, by his recognizance the defendant was bound to answer at all events for the appearance of *Badger* at Court to answer to any charge that might be made against him ; — and that there was the place to avail himself of all legal defects. The law requires no particular form of recognizance to be taken by the two justices under the act.

*Declaration adjudged sufficient.*